## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION

**ROBERT MCKENZIE**                                                                 **PLAINTIFF**

**v.**                                                           **CIVIL ACTION NO. 1:22-CV-P94-GNS**

**BENNY KENNY** *et al.*                                                         **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This is a *pro se* prisoner 42 U.S.C. § 1983 civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss Plaintiff's claims but provide him the opportunity to file an amended complaint.

### I.

Plaintiff Robert McKenzie indicates that he is incarcerated as a convicted prisoner at Todd County Detention Center (TCDC). However, he was previously incarcerated at Logan County Jail (LCJ). He names as Defendants in this action the LCJ as well as LCJ Jailer Benny Kenny and Captain White. Plaintiff does not indicate in what capacity he sues Defendant Kenny or White.

Plaintiff makes the following allegations in the complaint:

> On or about 2-18-22 I [] was incarcerated at [LCJ] at which time I was in isolation quarantining due to COVID 19. There was another inmate in the cell with me who had a severe medical condition with holes and sores on his feet. I began bagging on the door to get attention of a C/O to get medical help for the other inmate when officers arrived they told me to kneel on the ground a put my hands behind my head. I did as they said while on my knees Cpt. White proceeded to taz me thru the slot in the door. After that Benny Kenny (Jailor) and Cpt. White drug me upfront and put me in the restraint chair. While in the restraint chair, Cpt. White put he's elbow to my face and mouth and applied so much pressure that it knocked out my bottom two front teeth. I had no prior missing teeth or dental issues until this assault. I told my Public Defender my next court date of the issue and he had me transferred to TCDC . . . .

As relief, Plaintiff seeks damages and to have "his bottom teeth replaced with implants."

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to

the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Defendant LCJ is not an entity subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *See Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000). In this situation, Logan County is the proper Defendant. *See Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502. 503 (W.D. Ky. 1990). Similarly, any official-capacity claims against Defendants Kenny and White are actually against their employer, Logan County. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).

When a § 1983 claim is made against a municipality such as Logan County, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a

constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell,* 436 U.S. at 691.  Here, Plaintiff does not allege that any alleged constitutional violation was the result of a custom or policy implemented or endorsed by Logan County.  Thus, the complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

However, before dismissing this action, the Court will allow Plaintiff the opportunity to file an amended complaint in which he sues Defendants Kenny and White in their individual capacities. *See, e.g.*, *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) of the Federal Rules of Civil Procedure, a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]."). If Plaintiff so amends his complaint, the Court will allow excessive-force claims to proceed against these Defendants.

**IV.**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's claim against the LCJ and his official-capacity claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The **Clerk of Court** is **DIRECTED to terminate the LCJ as a party to this action**.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Order, Plaintiff may file an amended complaint in which he indicates that he is suing Defendants Kenny and White in their individual capacities.

**Should Plaintiff fail to file an amended complaint with the above information within the allotted amount of time, this action will be DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.**

5

The **Clerk of Court** is **DIRECTED** to send Plaintiff the first and second page of his complaint form (DN 1) and to write the words "Amended Complaint" in the caption so that Plaintiff may file an amended complaint as directed above.

Date: October 25, 2022

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
　　 Defendants
　　 Logan County Attorney
4416.011